## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SEN ZHANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 24 C 13082 |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, | ) | Judge Charles P. Kocoras |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS, AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A TO THE | ) | |
| COMPLAINT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants Atufsuat, Auhoahsil Direct, DAPESUOM Direct, Niniubye, Nipichsha, Rouidr, and saiersi's Motion to Vacate the Default Judgment [59] is denied. See Statement for details.

## STATEMENT

Before the Court is Defendants Atufsuat, Auhoahsil Direct, DAPESUOM Direct, Niniubye, Nipichsha, Rouidr, and saiersi's (collectively, "Moving Defendants") motion to vacate the default judgment entered against them on February 19, 2025, pursuant to Federal Rules of Civil Procedure 55(c) and 60(b).

Plaintiff filed his complaint on December 19, 2024, alleging that numerous online stores, including Moving Defendants, committed copyright infringement of VA

2-416-572 (the "'572 Work" or "'572 Photo"). The case proceeded in the typical fashion for "Schedule A" cases. The Court entered a Temporary Restraining Order ("TRO") on December 31, 2024, granting Plaintiff preliminary relief, expedited discovery, and allowing Plaintiff to serve Defendants by electronic means. Dkt. # 22. The TRO was extended on January 7, 2025, and set to expire on January 28, 2025. Dkt. # 26. On January 22, 2025, Plaintiff served Defendants notice of the lawsuit through electronic means, making Defendants' answers to the complaint due by February 12, 2024. Dkt. # 32. Also on January 22, 2025, Plaintiff filed a motion for preliminary injunction and notified all Defendants of the motion via the email addresses provided by third-party platforms. Dkt. # 30-1. The Court granted Plaintiff's motion and entered the Preliminary Injunction Order on January 24, 2025. *See* Dkt. # 35.

On February 14, 2025, Plaintiff filed a motion for default and default judgment against all non-appearing Defendants, including Moving Defendants, notifying those Defendants of the motion through the same electronic means previously used to give notice of the lawsuit. *See* Dkt. # 48. The Court granted the motion and entered the Default Judgment Order on February 19, 2025. Dkt. # 52. The Default Judgment Order awarded statutory damages in the amount of $50,000 from each defaulting Defendant for willful infringement under 17 U.S.C. § 504.

According to the Declaration of Haisen Zeng, the operating manager of Moving Defendants' Amazon stores, upon receiving notice of the litigation, Moving Defendants

2

retained an agent to engage in settlement discussions with Plaintiff.[1] Settlement discussions were initiated on February 7, 2025, through an email to Plaintiff's counsel. The discussions were unsuccessful; it is unknown how long negotiations continued before breaking down. Zeng reports that he was not notified of Plaintiff's intent to file a motion for default judgment prior to the motion's filing, but upon learning of the entry of default judgment on February 19, 2025, Zeng immediately sought legal counsel to represent Moving Defendants in court. He retained an attorney on February 25, 2025, and on March 7, 2025, that attorney filed their appearance and the instant motion to vacate the default judgment.

Rule 55(c) provides that the Court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Relief from a final judgment may be granted pursuant to Rule 60(b) under exceptional circumstances, and courts have characterized the district court's considerable latitude in making its decision as "discretion piled on discretion." *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (citing *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)). Rule 60(b)(1) permits relief from judgment on ground of "mistake, inadvertence, surprise, or excusable

---

[1] There are some inconsistencies in the record regarding Haisen Zeng's role in all this—is he an operating manager or attorney? The email sent to Plaintiff's counsel states, "I am Haisen Zeng, an intellectual property attorney representing multiple defendants" in this case. Dkt. # 82-1, at 1. Based on Zeng's later statement in his Declaration that he is the operating manager of Moving Defendants' internet stores, Plaintiff surmises that Zeng was pretending to be an attorney during negotiations. Moving Defendants clarify in their reply brief that Zeng is the operating manager, not an attorney, and he engaged an agent to negotiate, not an attorney named Haisen Zeng. The name of the agent is unknown to the Court.

neglect." *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004). To receive relief from default under either rule, Moving Defendants bear the burden of establishing: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Wehrs*, 688 F.3d at 890. This test "establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). The elements for relief under Rules 55(c) and 60(b) are substantially the same but the standards are applied more stringently when considering a Rule 60(b) motion. *See Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 368 (7th Cir. 1983). Although the Court considers the well-established principal of favoring a trial on the merits over a default judgment, relief from a judgment under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009); *see also McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000).

In their motion, Moving Defendants argue that good cause exists for vacating the default judgment because the default was not willful or negligent, and the lack of prior notice and "rapid granting" of Plaintiff's motion for default judgment did not afford them sufficient time to retain formal legal representation and respond appropriately.

At the outset, the Court rejects Moving Defendants' argument that the default judgment must be vacated because they were not given notice of Plaintiff's intent to move for default judgment prior to Plaintiff filing its motion. Rule 55 requires that "[i]f

4

the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before [a] hearing [thereon]." Fed. R. Civ. P. 55(b)(2). According to Moving Defendants, their participation in informal settlement negotiations after becoming aware of the lawsuit was enough to trigger the notice requirement. Not so. While other circuits may recognize informal settlement negotiations as a form of an appearance for purposes of Rule 55(b)(2), the Seventh Circuit strictly construes the term "appearance" in the Rule to require a party to make "some presentation or submission *to the district court* in the pending action." *Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 230 (7th Cir. 1991) (emphasis in original). In the view of the Seventh Circuit, "it is a disservice to the legal system to distort the meaning of a concrete term such as 'appearance' in order to provide a mechanism to save a party from a default judgment." *Id.* Moving Defendants' reliance on out-of-circuit citations is misplaced; Plaintiff was not required to give Moving Defendants advanced written notice of its intent to file the motion for default judgment.

In the Court's view, Moving Defendants have not established good cause to vacate the default judgment against them. In the context of a motion to vacate a default judgment, a party must show "something more compelling than ordinary lapses of diligence or simple neglect." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). Significantly, Moving Defendants concede in their motion that "where a defaulting

party was aware of or should have been aware of its responsibilities to the opposing party and to the court, and failed to live up to those responsibilities through unexcused carelessness or negligence, the default judgment has been left intact." Dkt. # 59, at 4 (citations omitted).

Moving Defendants admit that they became aware of this lawsuit when their Amazon accounts were frozen on January 8, 2025, yet they made no effort to connect with Plaintiff's attorneys until a month later, on February 7, 2025. And then they waited an additional month, until March 7, 2025, to file an appearance and the instant motion to vacate—more than six weeks after being initially served and three weeks after being given notice of Plaintiff's motion for default judgment.

There was nothing excusable or neglectful about Moving Defendants' actions here. Moving Defendants were aware of this lawsuit, the allegations directed at their activities, and the 21-day deadline to respond to the complaint. They offer no explanation as to why they failed to seek out and retain counsel and file an appearance and answer to the complaint (or at the very least, a motion for extension of time in which to answer) prior to learning of the motion for default judgment. They even admit it took them less than a week to retain an attorney when they finally deemed the case serious enough to require one. That Moving Defendants retained an agent to engage in settlement talks after receiving notice of the lawsuit does not excuse their failure to participate in the case.

6

Simply put, there is no evidence of anything outside of Moving Defendants' control that might have prevented them from participating in the case. To the contrary, Moving Defendants were aware of their obligation to appear and participate in the lawsuit and chose to disregard those responsibilities. There is no "good cause" for Moving Defendants' dilatory actions and failure to speak up sooner.

Because the Court concludes Moving Defendants have not met their high burden of showing good cause, it need not address their arguments regarding prompt action and a meritorious defense. *See Chapter 4 Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2021 WL 1906461, at *3 (N.D. Ill. May 12, 2021) ("The Court need not reach the merits of Defendant's Motion because it suffices that it cannot show either good cause or quick action . . . [E]ven if a meritorious defense exists it cannot excuse carelessness."). However, it's worth noting that Moving Defendants have not made a showing of a meritorious defense, which is a fundamental weakness of their motion.

"A meritorious defense need not, beyond a doubt, succeed in defeating a default judgment, but it must at least 'raise[] a serious question regarding the propriety of a default judgment and . . . [be] supported by a developed legal and factual basis.'" *Wehrs*, 688 F.3d at 890 (alterations in original) (quoting *Jones*, 39 F.3d at 165). In their motion, Moving Defendants claim they have several affirmative defenses *available*, including: (1) innocence under 17 U.S.C. § 405; (2) that Plaintiff lacked copyright ownership at the time of the alleged use; and (3) lack of notice of copyright under 17

7

U.S.C. § 401.  But that's as far as they go.  They offer no argument or evidence in support of these defenses; they simply claim that they purchased an image from the Chinese shopping platform Taobao.  If Moving Defendants' conduct was truly innocent, this was their opportunity to make that showing to Plaintiff and the Court.  They did not.  The evidence presented by Plaintiff in moving for default judgment supports a finding of willful infringement, and the imposed judgment amount is commensurate with that finding.  Accordingly, Moving Defendants' motion to vacate is denied.

## **CONCLUSION**

For the foregoing reasons, Moving Defendants' motion to vacate the default judgment [59] is denied.

It is so ordered.

Charles P. Kocoras
United States District Judge

Dated: 6/10/2025