UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEN ZHANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 24 C 13082 |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, | ) | Judge Charles P. Kocoras |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS, AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A TO THE | ) | |
| COMPLAINT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants Atufsuat, Auhoahsil Direct, DAPESUOM Direct, Niniubye, Nipichsha, Rouidr, and saiersi's Motion to Reconsider [90] is granted. The Default Judgment [52] entered against Defendants is VACATED. Defendants shall answer Plaintiff's complaint by 9/24/2025. This matter is hereby referred to the Magistrate Judge for discovery supervision and a settlement conference. See Statement for details.

## STATEMENT

Before the Court is Defendants Atufsuat, Auhoahsil Direct, DAPESUOM Direct, Niniubye, Nipichsha, Rouidr, and saiersi's (collectively, "Defendants") motion for reconsideration of the Court's June 10, 2025 Order denying Defendants' motion to vacate the default judgment entered against them on February 19, 2025 ("June 10

1

Order"). Dkt. # 89. The Court presumes familiarity with the facts set forth in its June 10 Order.

Motions for reconsideration under Rule 54(b) are disfavored and generally "serve the limited function of correcting manifest errors of law or fact." *Slick v. Portfolio Recovery Assocs., LLC*, 111 F. Supp. 3d 900, 902 (N.D. Ill. 2015) (cleaned up). A manifest error occurs "when a district court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Ford v. City of Rockford*, 2019 WL 2011104, at *1 (N.D. Ill. 2019). "Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). After all, "the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Martin v. City of Fort Wayne*, 2017 WL 1381358, at *2 (N.D. Ind. 2017) (cleaned up). Furthermore, "motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling[.]" *Schilke v. Wachovia Mortg., FSB*, 758 F. Supp. 2d 549, 554 (N.D. Ill. 2010), *aff'd on other grounds sub nom. Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601 (7th Cir. 2013) (cleaned up).

Defendants first accuse the Court of making decisions "outside the adversarial issues presented," "particularly regarding the adequacy of [Defendants'] response to the lawsuit." Dkt. # 90, at 5. Defendants claim that the Court, in concluding Defendants'

2

delay was dilatory and unexcused, failed to address Defendants' retention of a third-party agent or "engage with Defendants' evidence of reasonable efforts to respond." *Id.* at 6. Not so. The Court specifically recognized Defendant's retention of an agent for purposes of negotiation. There is nothing wrong with this; indeed, such action conserves resources and often aids in the speedy resolution of disputes. However, the problem was that despite having notice of the lawsuit, Defendants failed to appear, answer the complaint, or otherwise participate in the case before this Court despite knowing of their obligation to do so.

Puzzlingly, Defendants also argue that the Court did not address their argument regarding inadequate notice of Plaintiff's intention to file its motion for default judgment. Defendants go on to make the same argument as before, asserting that an "appearance" under Rule 55(b)(2) encompasses informal acts demonstrating an intent to defend, such as settlement negotiations. The Court explicitly addressed this argument in its June 10 Order and rejected it. While engaging in settlement negotiations may constitute an "appearance" for purposes of Rule 55(b)(2) in other circuits, that is not the case in the Seventh Circuit. In the Seventh Circuit, a party is required to make "some presentation or submission *to the district court* in the pending action." *Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 230 (7th Cir. 1991) (emphasis in original).

Next, Defendants insist that the June 10 Order "reflects a misunderstanding of key evidence and arguments presented" in Defendants' briefing. Dkt. # 90, at 8.

3

Defendants again rehash their argument regarding Rule 55(b)(2). The lack of a single citation to a Seventh Circuit case supporting Defendants' position speaks volumes.

Defendants again argue that they reasonably believed that the Taobao-purchased image was lawful for commercial use absent any copyright notice, which demonstrates excusable neglect and supports an innocent infringement defense, negating willfulness and justifying reduced damages. But having a reasonable belief that one's actions are lawful does not obviate the need to participate in and defend against a lawsuit. Defendants also make a passing reference to inadequate electronic notice; however, this argument was available from the beginning and Defendants did not make it in their motion to vacate. Tellingly, Defendants abandon the above arguments completely in their Reply brief.

Next, Defendants concede there has been no intervening change in the law yet argue that "evolving judicial scrutiny of Schedule A litigation supports reconsideration." Dkt. # 90, at 11. After filing their Reply, Defendants submitted a memorandum opinion and order from another judge in this district, which denied a motion for a temporary restraining order and raised concerns about, among other things, the lack of adversarial briefing in and the fundamental fairness of the initial stages of "typical" "Schedule A" cases. *See Eicher Motors Ltd. v. The P'ships and Unincorporated Ass'ns Identified on Schedule "A,"* Case No. 25 C 2937, Dkt. # 22 (N.D. Ill. Aug. 8, 2025) (Kness, J.). However, while this Court holds its colleagues in the highest esteem, it is not bound by the opinions of another district court. *See CoStar*

*Realty Info., Inc. v. CIVIX-DDI, LLC*, 2013 WL 5346440, at *4 (N.D. Ill. 2013) (noting that "[d]istrict court opinions are not binding authority even in the district in which they are rendered[.]"). Judge Kness certainly raises valid concerns; however, this case is at a far different procedural posture than the one before Judge Kness. Defendants here admit they had notice of the lawsuit and, by virtue of that notice, the opportunity to appear and raise their objections and defenses prior to the entry of the default judgment against them. They declined to do so.

Defendants also repeatedly bring up Judge Daniel's order dissolving a preliminary injunction in *Sen Zhang v. Schedule A Defendants*, Case No. 24 C6834, Dkt. # 96 (N.D. Ill. Oct. 8, 2024), in part because the record lacked evidence of a photographer's creativity with respect to a marble photograph. Here, though, the image at issue is a painting, not a photograph. And again, this Court is not bound by the opinions of another court within this district.

This leaves Defendants' claims of newly discovered evidence. The image at issue, described in the complaint as an "ink paint abstract closeup painting colorful," is registered by Plaintiff under Copyright Registration No. VA 2-416-572, effective September 15, 2024, with a creation date of 2018. However, Defendants assert that Jianguo Dai holds an earlier copyright registration for a group of ten unpublished works, including an image titled "Abstract Aqua Green Marble with Gold and Rust Marks," under Copyright Registration No. VAu 1-448-514, effective September 23, 2021,

created in 2020.  Defendants say this raises significant questions about Plaintiff's ownership and the validity of the registration, as well as the originality of the image.

In its surreply, Plaintiff raises a number of questions that Defendants' evidence leaves unanswered, such as if Dai is credible, why is Ms. Dein's[1] signature on Dai's later and unpublished copyrighted work?  How did Dai create the artwork?  Plaintiff criticizes Defendants for failing to answer discovery to that end or producing the author for a deposition, but Defendants rightly point out that such information is outside the scope of the discovery authorized by the temporary restraining order.

Nevertheless, given the Seventh Circuit's "well established policy favoring a trial on the merits over a default judgment," *Sun v. Bd. of Trs. Of the Univ. of Ill.*, 473 F.3d 799, 810–11 (7th Cir. 2007), and the questions raised by the conflicting evidence provided by both sides, the Court finds that vacating the entry of default judgment is appropriate.  Accordingly, the Court grants Defendants' motion for reconsideration.  This matter will be referred to the Magistrate Judge for discovery supervision and/or a settlement conference, which in the Court's view would be a more fruitful use of the parties' time and resources.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to reconsider [90] is granted and the default judgment against Defendants [52] is VACATED.  Defendants shall answer

---

[1] Mari Dein (also known as Shestakova Mariia) is the author of the work at issue.

Plaintiff's complaint by 9/23/2025. This matter is hereby referred to the Magistrate Judge for discovery supervision and a settlement conference.

It is so ordered.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: 9/2/2025